# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRED HUMMEL and WALTER HYDE, | Civil No. 4:17-CV-1613 |
| Plaintiff | (Judge Brann) |
| v. | |
| | (Magistrate Judge Carlson) |
| SHAMOKIN MANOR CARE, et al., | |
| Defendant | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

This matter comes before the Court for screening review of a *pro se* civil action which was filed in this Court on September 11, 2017. (Doc. 1.) A review of the *pro se* complaint reveals that it was filed by Fred Hummel on behalf of a friend of his, Walter Hyde. In his complaint Hummel alleges that his friend Hyde, an elderly man, is being unlawfully and improperly held by the defendant Shamokin Manor Care, against his will as he recovers from a stroke. (Id.) Thus, on the face of the complaint it is evident that one uncounseled *pro se* party, Fred Hummel, is endeavoring to file a lawsuit on behalf of another uncounseled *pro se* plaintiff, Walter Hyde. Indeed, although Hummel has listed himself as a nominal plaintiff in

1

this lawsuit, the allegations and claims brought in the complaint relate exclusively to Walter Hyde. Thus, we are presented with a scenario in which Mr. Hummel, a non-lawyer *pro se* litigant, is expressly acting as counsel for another *pro se* party, Walter Hyde.

The plaintiffs have not paid the filing fee required by law and thus apparently seek leave to proceed *in forma pauperis*. For the reasons set forth below, we will GRANT the plaintiffs leave to proceed *in forma pauperis* (Doc. 1.) but recommend that the Court dismiss this case since one uncounseled party may not file claims on behalf of another uncounseled plaintiff. We further recommend that this case be dismissed without prejudice to Mr. Hyde either filing a counseled complaint in this case or actively pursuing this case in his own name.

**II. Discussion**

    **A. This *Pro Se* Complaint, in Which One Uncounseled Party Purports to Bring Legal Claims on Behalf of Another *Pro Se* Plaintiff, Should Be Dismissed Without Prejudice**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should

be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no

4

> new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action that falls within the jurisdiction of a federal court.

Furthermore, in a case such as this where a *pro se* plaintiff purports to bring a claim on behalf of another *pro se* party, other legal and ethical considerations come into play. As a *pro se* plaintiff, Fred Hummel is only authorized to represent his own interests in litigation and is not empowered to "represent" the interests of his friend Walter Hyde, another unrepresented party named in this lawsuit. This rule forbidding *pro se* plaintiffs from bringing claims on behalf of other unrepresented parties is, first, prescribed by statute: "In all courts of the United States the *parties may plead and conduct their own cases personally or by counsel* as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added). In keeping with this statutory language, the Third Circuit Court of Appeals has instructed that "a nonlawyer appearing *pro se* [is] not entitled to play the role of attorney for other *pro se* parties

in federal court." Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991) (holding father not authorized to represent the legal interests of his children in federal court, and vacating judgment that had been entered against represented children); see also Lutz v. Lavelle, 809 F. Supp. 323, 325 (M.D. Pa. 1991).

While we appreciate Mr. Hummel's concern for his friend, Walter Hyde, Hummel's current *pro se* complaint does precisely what the law prohibits. It entails claims brought by "a nonlawyer appearing *pro se* [who is] not entitled to play the role of attorney for other *pro se* parties in federal court." Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991). Since this case may not proceed in this fashion, the initial *pro se* complaint in which Hummel purports to bring claims on behalf of Hyde should be dismissed. Yet, while this case cannot proceed in this fashion with "a nonlawyer appearing *pro se* . . . to play the role of attorney for other *pro se* parties in federal court," Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991), Hyde is not without legal recourse. Quite the contrary, Hyde may either retain an attorney to bring a claim on his behalf or Hyde may plead and conduct his own case personally. However, Hummel, a non-lawyer, may not bring a claim on behalf of Hyde. Therefore, this complaint in which one unrepresented

party purports to bring a claim on behalf of another *pro se* plaintiff, should be dismissed without prejudice.

### III. Recommendation

Accordingly, for the foregoing reasons, we will GRANT the plaintiffs leave to proceed *in forma pauperis*, but IT IS RECOMMENDED that the Court dismiss the complaint without prejudice to the plaintiff, Walter Hyde, either retaining an attorney to bring a claim on his behalf or pleading and conducting his own case personally.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 12th day of September 2017.

                                  ***S/Martin C. Carlson***
                                  Martin C. Carlson
                                  United States Magistrate Judge